IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST COMPANY, | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. 10-AR-0389-S |
| v. | } } | |
| JAMES W. LEWIS, JR., et al., | } } | |
| Defendants. | } | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Before the court is the motion of plaintiff, Branch Banking and Trust Company ("BB&T"), for judgment by default against defendants, James W. Lewis, Jr., Beth C. Lewis, Jeanne M. Lewis, and Christopher R. Lewis ("defendants"). For the reasons that follow, BB&T's motion will be granted.

**Findings of Fact**

On February 23, 2010, BB&T filed the instant action against defendants seeking to recover under certain guaranty agreements executed by each defendant, guaranteeing payment of a commercial loan in the amount of $3,760,000.00 made by Colonial Bank to Bayshore Redmont d/b/a The Redmont Hotel.[1] According to the loan documents, Bayshore Redmont's obligation matured in June 2009, and it defaulted on its obligation. On October 2, 2009, BB&T mailed, by certified mail, demand letters to each defendant demanding

---

[1] BB&T brings this action as successor in interest to Colonial Bank by acquisition of assets from the FDIC as receiver for Colonial Bank.

payment of the obligation in accordance with the guaranty agreements. No payment was made, whereupon BB&T instituted this action.

Defendants, Beth C. Lewis and Jeanne M. Lewis, were served by certified mail on February 26, 2010. Defendant, James W. Lewis, was served via in hand service on March 16, 2010. On April 9, 2010, having failed to respond or otherwise plead, defendants, Beth C. Lewis, Jeanne M. Lewis, and James W. Lewis, were, on proper motion, entered into default by the clerk. Defendant, Christopher R. Lewis, was served via in hand service on April 7, 2010 and was entered into default by the clerk on May 3, 2010 after failing to respond or otherwise plead. Accordingly, the factual allegations in the complaint are established, resulting in confessions of liability.

BB&T now asks the court to enter a default judgment against defendants in the amount of $3,995,403.46, of which $3,757,898.07 represents outstanding principal and interest due under the promissory note guaranteed by each defendant, $198,077.16 represents interest accruing since the date of default on the loan until May 5, 2010, $1,200.44 represents per diem interest accruing since May 5, 2010, $37,100.00 represents reasonable attorney's fees, and $1,127.79 represents court costs.

**Conclusions of Law**

The court concludes that BB&T is entitled to judgment by default against defendants.  However, the court does not find that BB&T is entitled to an award of all of the attorney's fees and costs that it seeks.  In his affidavit accompanying BB&T's motion for default judgment, Randall D. Quarles ("Quarles"), counsel for BB&T, states that the $37,100.00 in fees that BB&T requests represent fees for 148.4 hours of billable time at a rate of $250.00 per billable hour.  The court does not dispute that Quarles's rate is reasonable and that the time spent is reasonable.  However, Quarles states that of the 148.4 hours he asks this court to compensate him for, 98.8 hours were spent "for the defense of BB&T and enforcement of its rights" in two related, but separate sets of litigation.  (Doc. 18-2, at 3 ¶ 6.)  Quarles also states that "[t]he remaining $12,400.00 in fees, for 49.6 billable hours, were **incurred for the prosecution of this action** and other efforts by BB&T to enforce and protect its rights regarding the loan that the defendants in this case guaranteed."  (Doc. 18-2, at 4 ¶ 7) (emphasis added).

Quarles may have earned attorney's fees for all of the time he has spent on this overall matter, but this court cannot award him fees against these defendants beyond his services rendered in this case.  Quarles is therefore only entitled to an award of attorney's fees from this court that represents the number of hours he devoted **to this specific case**.  By Quarles's admission, that amount is

3

"$12,400.00 in fees, for 49.6 billable hours." (Doc. 18-2, at 4 ¶ 7.) Likewise, BB&T is not entitled to the entire $1,127.79 in court costs that it seeks. BB&T is only entitled to costs **incurred in the prosecution of this action**.

Accordingly, the court concludes that BB&T is entitled to judgment against defendants in the amount of $3,969,575.67, of which $3,757,898.07 represents outstanding principal and interest due under the promissory note guaranteed by each defendant, of which $198,077.16 represents interest accruing since the date of default until May 5, 2010, of which $1,200.44 represents per diem interest accruing since May 5, 2010, and of which $12,400.00 represents reasonable attorney's fees, plus costs to be fixed by the clerk.

DONE this 7th day of May, 2010.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE